Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Paul E. Plunkett | Sitting Judge if Other than Assigned Judge | Arlander Keys |
|---|---|---|---|
| **CASE NUMBER** | 97 C 3475 | **DATE** | 7/15/2002 |
| **CASE TITLE** | Milton Williams, Jr. vs. Illinois Dept. of Corrections | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

| | | |
|---|---|---|
| (1) | ☐ | Filed motion of [ use listing in "Motion" box above.] |
| (2) | ☐ | Brief in support of motion due _____. |
| (3) | ☐ | Answer brief to motion due_____. Reply to answer brief due_____. |
| (4) | ☐ | Ruling/Hearing on _____ set for _____ at _____. |
| (5) | ☐ | Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____. |
| (6) | ☐ | Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____. |
| (7) | ☐ | Trial[set for/re-set for] on _____ at _____. |
| (8) | ☐ | [Bench/Jury trial] [Hearing] held/continued to _____ at _____. |
| (9) | ☐ | This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2). |
| (10) | ■ | [Other docket entry] Report and Recommendation submitted to Judge Plunkett. It is recommended that Plaintiff's Motion to Reconsider Order Denying Plaintiff's Motion for Default of Settlement Agreement [#85] be denied. Additionally, Plaintiff's counsel has requested he be relieved of his appointment; Plaintiff has no objections. It is thereby recommended that counsel be relieved of appointment in this case. All matters relating to the referral of this action having been resolved, the case is returned to the assigned judge. *AK* |
| (11) | ■ | [For further detail see order attached to the original minute order.] |

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | 4 | Document Number |
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | JUL 16 2002 | |
| | Notified counsel by telephone. | | date docketed | |
| | Docketing to mail notices. | | | 03 |
| | Mail AO 450 form. | U.S. DISTRICT COURT CLERK | docketing deputy initials | |
| ✓ | Copy to judge/magistrate judge. | 02 JUL 15 PM 2:53 | 7/15/2002 | |
| | courtroom deputy's initials FT/*secy* | Date/time received in central Clerk's Office | date mailed notice FT mailing deputy initials | |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MILTON WILLIAMS, JR., | ) |
| Plaintiff, | ) 97 C 3475 |
| v. | ) Judge Paul E. Plunkett |
| | ) Magistrate Judge |
| ILLINOIS DEPARTMENT OF CORRECTIONS; JOLIET CORRECTIONAL CENTER; DR. SOOD; OFFICER CURTIS; DOE DEFENDANTS 1-10, | ) Arlander Keys |
| Defendants. | ) |

TO: THE HONORABLE PAUL E. PLUNKETT
UNITED STATES DISTRICT JUDGE

DOCKETED JUN 1 6 2002

**REPORT AND RECOMMENDATION**

Before the Court is Plaintiff's Motion to Reconsider Order Denying Plaintiff's Motion for Default of Settlement Agreement and for Sanctions. For the reasons set forth below, the Court recommends that the Motion be denied.

**Background**

Plaintiff, a prison inmate, filed the Complaint herein on May 7, 1997, alleging statutory and constitutional violations. The Second Amended Complaint alleged violations of The Americans With Disabilities Act, 42 U.S.C. § 12101 *et seq.* ("ADA") and the Rehabilitation Act, 29 U.S.C. § 794 because of Defendants' refusal

to grant Plaintiff access to prison programs and activities that are available to other prisoners and to accommodate his blindness so as to enable him to participate safely in prison activities of daily life. The Complaint also alleged an Eighth Amendment cruel and unusual punishment violation.

The Complaint alleged that Plaintiff, who has been declared legally blind since his incarceration, also suffers from high blood pressure, an enlarged heart and an irregular heartbeat, for which he has been prescribed medications to be taken daily. The Complaint alleged further that, because of his vision problems, Plaintiff has difficulty moving around the prison, often stumbles over cracks in the floor, and sometimes falls or bumps into other inmates, which have caused other inmates to attack him. Plaintiff alleged that he had been denied his daily high blood pressure medication on many occasions, which, he believed, had resulted in a mild heart attack. This, he contended, constituted cruel and unusual punishment.

The Complaint alleged that Defendants violated the ADA and the Rehabilitation Act in that Plaintiff, a qualified individual with a disability, was not afforded reasonable accommodations for his blindness which would have allowed him to safely participate in various prison programs, such as dining, use of the library, and shower facilities, and educational and recreational activities.

In January, 2000, Plaintiff--who was represented by appointed

counsel--and Defendants entered into a Settlement Agreement pursuant to which Defendants agreed to allow Plaintiff to participate in the General Educational Development ("GED") program available to other inmates, by providing him with either written materials in large print or a reader or other accommodation. The Settlement Agreement also provided that, upon Plaintiff's request, he would be provided with books with large print or books on tape ("Talking Books") under the same restrictions applicable to non-disabled inmates.

The Settlement Agreement further provided that, upon request by Plaintiff to accommodate his visual impairment, he would be provided with navigational assistance by either a staff member, inmate helper, or volunteer in order for him to move around outside his assigned cell or room.

Pursuant to the Settlement Agreement and Stipulation, the district court dismissed the case with prejudice on January 25, 2000.

On September 8, 2001, Plaintiff filed a Motion for Order of Default of Settlement Agreement and for Sanctions, asserting that Defendants had not complied with certain terms of the Settlement Agreement. Plaintiff alleged that he was not allowed to participate in GED classes; that he was not allowed to have a tape player in his cell to play the Talking Books, and that he was not provided with an appropriate walking stick (cane). On November 29,

2001, the district court held a hearing with Plaintiff's counsel and counsel for Defendants. At the hearing, it was revealed that Plaintiff had been taking GED classes at his prior prison facility but that, when he was transferred to another facility, he was put on a waiting list with other inmates for such classes and that he had, in fact, started GED classes prior to the hearing.

With regard to the Talking Books, it was revealed that Plaintiff had a tape player on which he could play the tapes, but that his complaint was that the tape player could not record. The Department of Corrections has regulations prohibiting the possession of recording devices by inmates. It was also revealed that Plaintiff had been given a walking stick that was gray in color, but that he wanted a red and white cane so that everyone would know that he was blind. Based on the representations made at the hearing, the district court denied Plaintiff's Motion, without prejudice, on November 29, 2001.

On December 14, 2001, the instant Motion to Reconsider the November 29, 2001 Order denying the Motion for Order of Default of Settlement Agreement and for Sanctions was filed. The Motion was referred to this Court for a Report and Recommendation.

On March 11, 2002, this Court held a video teleconference with Plaintiff, his attorney, and counsel for Defendants to explore Plaintiff's allegations that the Settlement Agreement was being violated. With regard to the agreement to provide him with

navigational assistance to accommodate his visual impairment when he leaves his cell or room, Plaintiff testified that Defendants agreed to provide him with a walking cane. Plaintiff testified further that he obtained a cane from another inmate, who had two canes, but that it is not an "official blind stick" because it is not red and white, with a red tip, and it is only 38 inches long, as opposed to the 54-inch cane that the other blind inmates use. Plaintiff insists that he is entitled to the issuance of an official blind stick under the terms of the Settlement Agreement. Plaintiff admitted that Defendants offered him a cane, but that it was less than 54 inches long and that it was not red and white, so he refused it.

Both counsel for Plaintiff and counsel for Defendants agree that, while the parties agreed to provide Plaintiff with "navigational assistance" in order for him to move around outside his cell or room, there was no agreement that he would be issued a cane. The Court notes that the Settlement Agreement provides only that Plaintiff be provided with "navigational Assistance" by either a staff member, inmate helper or volunteer when necessary for him to move around outside his assigned cell or room. There is simply no specific requirement that he be furnished a cane, let alone a red and white, 54-inch one. Nevertheless, Plaintiff admits that Defendants offered him a gray cane, which he refused because of its length and color.

At the time that Plaintiff filed the instant Motion, he was confined at the Pinckneyville Correctional Center. About two months prior to the March 11, 2002 hearing, he was transferred to the Dixon Correctional Center. He testified that, for most of the one year that he had been confined at Pinckneyville, he was not given access to the Talking Books, which are books that are played on a cassette player for those who cannot read. About one month prior to his transfer from Pinckneyville, he was given the cassette player, but not the cassettes. After his transfer to the Dixon Correctional Center, he was given access to both the tape player and the cassettes.

Plaintiff testified that, after the Settlement Agreement was signed, it was five months before he was able to get into GED classes. Then, when he was transferred to Pinckneyville, it was another year before he was able to resume his classes. With regard to providing him with books with large print, Plaintiff testified that he has not been provided with such books at any of the facilities. He testified that, under the terms of the Settlement Agreement, he believes that he is entitled to both the Talking Books and the books in large print.

Plaintiff testified that he has not been provided with a navigator to help him get around, as provided for in the Settlement Agreement. He described a navigator as another person who helps the blind or handicapped to get around and to read. Without a

navigator, he sometimes bumps into other inmates or steps on them, which results in fights.

**Analysis**

On January 25, 2000, the parties submitted to the district court a "Stipulated Dismissal with Prejudice and without Leave to Reinstate" which was entered and approved on that date. The case was dismissed with prejudice and without leave to reinstate, and the court did not retain jurisdiction to enforce the terms of the Settlement Agreement. Recently, the Seventh Circuit Court of Appeals held that dismissal of a lawsuit under such circumstances divests the district court of jurisdiction to do anything further in the case. *Lynch, Inc. v. Samatamason, Inc.*, 279 F.3d 487, 489 (7th Cir. 2002), *citing Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 380-81 (1994). The Court notes that Plaintiff filed his Motion for Default of the Settlement Agreement more than one and one-half years after the case had been dismissed with prejudice. The instant Motion should be denied for lack of jurisdiction.

Assuming, *arguendo*, that the Court does have jurisdiction to consider the instant Motion, the Court recommends that the Motion be denied on its merits for the following reasons.

A. The Walking Cane

The Settlement Agreement provides that, when Plaintiff is allowed movement outside his assigned room or cell, and upon requesting assistance from an officer in his housing unit, he will

-7-

be provided with "navigational assistance by either a staff member, inmate helper or volunteer." Plaintiff insists that he was promised that he would be provided with a cane for the blind and that he would not have settled the case without such a provision. However, the plain language of the Settlement Agreement does not include the provision of a cane, and both counsel for Plaintiff and Defendants deny that any such promise was made. Notwithstanding the lack of an obligation to do so, the record shows that Plaintiff has been offered a cane, but that he has refused it because of its color and length.

Plaintiff asserts that other blind inmates have been issued longer, red and white canes, so that they can be readily identified as being blind, and that he is being discriminated against by not being given similar treatment. The Court notes that Plaintiff, while legally blind, is not totally blind, which could account for the alleged disparate treatment. The fact is, however, that Defendants have no obligation to provide Plaintiff with a cane under the terms of the Settlement Agreement. Therefore, the Motion to Reconsider with regard to the cane should be denied.

B. <u>The GED Classes</u>

At the November 29, 2001 hearing before the district court, Plaintiff's counsel reported that Plaintiff had been enrolled in GED classes prior to his transfer to Pinckneyville and that, when he was transferred to Pinckneyville, he was put on a waiting list.

As of the time of the hearing, Plaintiff had cleared the waiting list and was then taking GED classes. In a September 27, 2001 memorandum to Plaintiff, the Educational Facility Administrator at Pinckneyville confirmed that Plaintiff had been put on the pre-GED waiting list and that he would be notified and assigned to a class when his name came up.

Plaintiff complains that it took five months after the Settlement Agreement was signed before he was able to start his GED classes. He was later transferred to Pinckneyville, where it took another year before he could resume the classes. The Court notes that Plaintiff has been transferred at least twice since the Settlement Agreement was signed and that this appears to account for the delay in getting him into the GED classes at different facilities. Plaintiff admits that he was enrolled in classes on November 27, 2001, after the Motion was filed with the Court. Therefore, the Motion to Reconsider as it pertains to the GED classes should be denied.

C. The Talking Books/Large Print Books

The Settlement Agreement provides that Plaintiff will be provided with "large print books or books on tape" upon his request. At the November 29, 2001 hearing, Plaintiff's counsel stated that Plaintiff had been provided with a tape player but that his complaint was that the tape player could not record. At the March 11, 2002 hearing, Plaintiff testified that he was not given

a tape player for a long period of time and that, when he was given the tape player, he was not given the cassettes until much later. He attributes his filing of grievances for his eventual success in getting the tape player and the cassettes. In his affidavit in support of the instant Motion, Plaintiff states that he received the tape player on December 5, 2001, which was one week after he was enrolled in the GED classes. The Court again notes that Plaintiff has been transferred among several penal institutions since the Settlement Agreement was signed and that this appears to have been one of the causes of the delay. Therefore, the Motion to Reconsider on the basis of failure to provide the Talking Books should be denied. The Court notes that Defendants were not obligated to provide both the large print books and the Talking Books.

### Conclusion

Plaintiff complains that Defendants have been slow to implement the terms of the Settlement Agreement, and that he has had to file grievances before Defendants would comply. He also complains that he is being discriminated against by Defendants in that he is not given ready access to the same conveniences (the large print books and red and white, long canes) that are provided to other blind inmates. He believes that he is being discriminated against as retaliation for filing grievances and this lawsuit.

The district court having dismissed this case with prejudice,

this Court believes that, pursuant to recent Seventh Circuit precedent, the district court does not have jurisdiction to consider the instant Motion, which should be denied for that reason.

This Court is of the opinion that, while the implementation of some of the terms of the Settlement Agreement could possibly have been done in a more expeditious manner, considering the number of times that Plaintiff has been transferred among correctional facilities, the delay was not unreasonable and compliance was substantial. Accordingly, the Court recommends that the Motion to Reconsider be denied on that basis, in the alternative.

Throughout the pendency of the Motion for Default of Settlement Agreement and the instant Motion to Reconsider that ruling, Plaintiff has been extremely critical of the representation that he has received from his appointed counsel. During the March 11, 2002 hearing, Plaintiff continued with his criticism of the performance of counsel, even though it was counsel who negotiated the Settlement Agreement which resulted in the payment of $10,000 to Plaintiff. The Court notes that counsel--whose firm has committed more than 500 pro bono hours to this case--could have moved to withdraw from the case after the case was settled and dismissed with prejudice. However, counsel has continued to represent Plaintiff in these proceedings.

In view of Plaintiff's continued dissatisfaction with

counsel's representation, counsel has requested that he be relieved of his appointment. Plaintiff stated that he has no objection to counsel's withdrawal. Therefore, the Court recommends that counsel be relieved of his appointment.

Dated: July 15, 2002        RESPECTFULLY SUBMITTED:


*[signature]*
ARLANDER KEYS
United States Magistrate Judge


Counsel have ten days from the date of service to file objections to this Report and Recommendation with the Honorable Paul E. Plunkett. *See* Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1). Failure to object constitutes a waiver of the right to appeal. *Egert v. Connecticut General Life Ins. Co.*, 900 F.2d 1032, 1039 (7th Cir. 1990).